IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE, <br><br>   **Plaintiff,** <br><br> v. <br><br> HAMILTON COUNTY COAL, LLC, <br> ALLIANCE COAL, LLC, and <br> IKE WOODRING, <br><br>   **Defendants.** | Case No. 3:20-CV-73-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Pending before the Court is a Motion to Pursue this Action Under the Pseudonym of John Doe filed by Plaintiff (Doc. 2). Plaintiff John Doe filed this action on January 17, 2020, seeking damages for alleged violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C., §§ 2000 *et seq.*, the Illinois Human Rights Act, the Illinois Gender Violence Act, and Illinois state common law (Doc. 1).

  Plaintiff, an adult male, asserts he was repeatedly subjected to sexual assault and sexual harassment by Defendant Ike Woodring, and other employees under Woodring's supervision, while employed by Defendants Alliance Coal, LLC, and Hamilton County Coal, LLC (*Id.*). The alleged sexual assault and harassment began in the fall of 2017 and included unwanted and non-consensual touching, kissing, receipt of pornographic text messages, and exposure to other employees' genitals and anuses (*Id.*). An employee also took a photo of Plaintiff's penis while he was urinating, without consent, and sent the photo to Woodring and others (*Id.*). Plaintiff further alleges that after he reported the

misconduct, he was retaliated against by his supervisors, who ignored him and made clear he would never be promoted (*Id.*). Plaintiff eventually resigned from Defendants' employment (*Id.*).

Plaintiff now seeks to proceed in this action anonymously due to the highly sensitive and personal nature of the allegations (Doc. 2). Plaintiff argues that requiring him to reveal his identity publicly would expose him as a victim of sexual assault and subject him to embarrassment in his small community and equally small profession. Furthermore, Defendants are aware of his identity and would not be prejudiced by him remaining anonymous.

Defendants Alliance Coal and Hamilton Coal oppose the motion, arguing that Plaintiff's claimed embarrassment and sexual harassment is insufficient to rebut the Seventh Circuit's strong presumption of public disclosure in judicial proceedings (Doc. 28). Defendants further note that Hamilton Coal immediately investigated Plaintiff's allegations when he reported them, leading to Woodring's termination, and that Plaintiff continued working for Hamilton Coal until June 2019, when he elected to resign voluntarily so he could take another job. Moreover, Plaintiff has already filed EEOC and IHRA charges in his own name, which are matters of public record. Having already disclosed his identity in the public record, Defendants argue, Plaintiff cannot now claim he will suffer harm from disclosure in this case.

Federal Rules of Civil Procedure 10(a) and 17(a) require a complaint to name all parties to a lawsuit and provide that an action "must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 10(a), 17(a). The Seventh Circuit has "repeatedly

voiced [its] disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376–77 (7th Cir. 2016). There are situations, however, where the concealment of the plaintiff's name may be proper. *See Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004). "To proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Deerfield*, 819 F.3d at 377 (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

The danger of retaliation can be a compelling reason to allow a party to litigate anonymously. *Chicago*, 360 F.3d at 669. A pseudonym may also be used when necessary to protect the privacy of children, rape victims, and other particularly vulnerable parties. *Blue Cross*, 112 F.3d at 872. The Seventh Circuit has questioned, however, "whether a sexual harassment claim, standing alone without any allegations of rape or torture or fear of retaliation, would justify anonymity." *Deerfield*, 819 F.3d at 377.

While Plaintiff's allegations are certainly of a very personal and sensitive nature, he has not shown that the harm of identification outweighs the harm of anonymity and the right of the public and the litigants to be fully informed of the parties' identities. Plaintiff asserts that he fears additional humiliation and embarrassment in his community and profession, but embarrassment is not enough to justify anonymity in a civil lawsuit that is voluntarily filed. *See id.* Moreover, Plaintiff is not a minor or another particularly vulnerable party, nor has he alleged any legitimate fears of retaliation if he

proceeds in this lawsuit under his real name. The Court, therefore, finds that Plaintiff has not demonstrated exceptional circumstances justifying the use of a pseudonym.

For these reasons, Plaintiff's Motion to Pursue this Action Under the Pseudonym of John Doe (Doc. 2) is **DENIED**. Plaintiff is **ORDERED** to file an Amended Complaint and replace all references to John Doe with his name on or before **May 12, 2020**.

**IT IS SO ORDERED.**

DATED:   April 28, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**