## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOUGLAS PRUSACZYK,

           **Plaintiff,**

v.

                        **Case No. 3:20-CV-73-NJR**

HAMILTON COUNTY COAL, LLC,
ALLIANCE COAL, LLC, and
IKE WOODRING,

           **Defendants.**

## <u>MEMORANDUM AND ORDER</u>

**ROSENSTENGEL, Chief Judge:**

Plaintiff Douglas Prusaczyk filed this action for damages under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, the Illinois Human Rights Act, and Illinois state law alleging he endured sexual assault, sexual harassment, and a hostile work environment created by his supervisor, Defendant Ike Woodring, while working for Defendants Hamilton County Coal, LLC ("Hamilton Coal"), and Alliance Coal, LLC ("Alliance Coal"). Defendants now move the Court to dismiss some of those claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Docs. 37, 38). For the reasons set forth below, Defendants Hamilton Coal and Alliance Coal's motion is granted, while Defendant Woodring's motion is granted in part and denied in part.

### BACKGROUND

The following facts alleged by Prusaczyk are accepted as true for purposes of Defendants' motions to dismiss. Prusaczyk began working at Hamilton Coal and was employed by Alliance Coal in April 2017 (Doc. 35 at ¶ 1). Prusaczyk alleges that Woodring, his direct supervisor, worked in concert with other employees under Woodring's supervision

and control to sexually assault and harass Prusaczyk, creating a hostile work environment (*Id.* at ¶ 15).

Prusaczyk's allegations are disturbing. Most of his claims involve Woodring and other employees placing their genitals on his shoulder, putting their genitals in his face, touching and kissing him without consent, grabbing and photographing his genitals without consent, and sending him unwelcome pornographic photos via text message (Doc. 35 at pp. 4-5). When Prusaczyk reported Woodring's conduct, the plant manager admitted he knew that Woodring "had a problem." (*Id.* at p. 5). Prusaczyk's supervisors then retaliated against him by ignoring him and making clear he would never be promoted (*Id.*). Prusaczyk later resigned (*Id.*).

On April 22, 2019, Prusaczyk filed a Charge of Discrimination with the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC) alleging Hamilton Coal and Alliance Coal discriminated against him on the basis of sex, subjected him to a hostile work environment, and retaliated against him. Prusaczyk received a Notice of Right to Sue from the EEOC on October 21, 2019.

On January 17, 2020, Prusaczyk timely filed this action within 90 days of receipt of the Notice of Right to Sue (Doc. 35-1). At the time of filing his original complaint, Prusaczyk had yet to receive a Notice of Right to Sue from the IDHR. On April 7, 2020, the IDHR issued an Order of Administrative Dismissal pursuant to 775 ILL. COMP. STAT. § 5/7-109.1 (Doc. 45-1).

On May 12, 2020, Prusaczyk filed an Amended Complaint asserting five counts against Defendants. Count I is a claim against all Defendants for sexual harassment under Title VII for subjecting Prusaczyk to a hostile work environment and retaliation for reporting sexual harassment. Count II is a claim against all Defendants for gender discrimination and sexual harassment under the Illinois Human Rights Act. In Count III, Prusaczyk alleges state

law assault and battery against all Defendants related to Woodring's offensive and harmful physical contact. Count IV alleges negligent retention against Hamilton Coal and Alliance Coal for retaining Woodring as an employee despite their knowledge that he was unfit for his position. Finally, in Count V, Prusaczyk alleges a claim under the Gender Violence Act, 740 Ill. Comp. Stat. § 82, against Woodring.[1]

Discussion

## I.      Count I – Title VII Claim Against Defendant Woodring

Woodring first moves to dismiss Count I of the Amended Complaint for failure to state a claim. Woodring argues that, while Count I alleges a claim for sexual harassment against him under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, only an employer can be liable for workplace sexual harassment under Title VII. Thus, Woodring is not a proper party under Count I. Prusaczyk concedes that Woodring is not a proper defendant under Count I (Doc. 45 at p. 2); thus, his claims against Woodring in Count I will be dismissed.

## II.      Count II – IHRA Claim Against All Defendants

All Defendants argue that Prusaczyk's IHRA claim in Count II should be dismissed because he failed to exhaust his administrative remedies before filing suit (Docs. 37, 38). Defendants assert that the IHRA sets forth specific prerequisites to filing a civil action seeking relief under the Act, and that Prusaczyk failed to follow the required steps. Woodring additionally argues that the IHRA does not provide for personal liability of employees, so the IHRA claim against him must be dismissed.

The IHRA provides the exclusive remedy for human rights violations under the Act.

---

[1] This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

*Vroman v. Round Lake Area Sch.-Dist.*, No. 15 C 2013, 2015 WL 7273108, at *2 (N.D. Ill. Nov. 18, 2015). "Except by way of administrative review, the courts . . . have no jurisdiction to grant relief for violations of the policies embodied in the Illinois Human Rights Act." *Armstrong v. Freeman United Coal Min. Co.*, 446 N.E.2d 296, 298 (Ill. App. Ct. 1983); *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 458–59 (7th Cir. 1994) ("Indeed, the Act states that 'courts have no jurisdiction to hear independent actions for civil rights violations.'").

Under the IHRA, a complainant must first exhaust the IDHR's administrative procedures before he may bring suit. *Baranowska v. Intertek Testing Servs. NA, Inc.*, No. 19 C 6844, 2020 WL 1701860, at *2 (N.D. Ill. Apr. 8, 2020). Generally, the complainant may file a civil suit after receiving a final report from the IDHR or if the IDHR fails to issue a report within one year after the charge is filed. *Id.* (citing 775 ILL. COMP. STAT. § 5/7A-102(D), (G)). A complainant may also "opt-out" of the IDHR's investigation by submitting a written request within 60 days of receiving notice of the right to do so. 775 ILL. COMP. STAT. § 5/7A-102(B), (C-1).

When a complainant files a charge of discrimination with both the EEOC and the IDHR, the IHRA provides a different set of procedures. *Baranowska*, No. 19 C 6844, 2020 WL 1701860, at *2. "If the EEOC investigates the charge first, the IDHR takes no action on the charge—and the one-year period for the IDHR to investigate is tolled—until the complainant notifies it of the EEOC's determination." *Id.* (citing 775 ILL. COMP. STAT. § 5/7A-102(A-1)(1)). The complainant must submit a copy of the EEOC's determination within 30 days after service of the determination by the EEOC on complainant. 775 ILL. COMP. STAT. § 5/7A-102(A-1)(1)(iv). Once the complainant timely notifies the IDHR that the EEOC has issued a notice of a right to sue, the IDHR notifies the parties within 10 business days that it "will adopt the EEOC's determination" unless the complainant requests in writing within 35 days after

receipt of the notice that the IDHR review the EEOC's determination. 775 ILL. COMP. STAT. §
5/7A-102(A-1)(3).

When determining whether Prusaczyk exhausted his administrative remedies under
the IHRA, the Court considers the allegations in the Complaint as well as the relevant IDHR
and EEOC records. *Baranowska v. Intertek Testing Servs. NA, Inc.*, No. 19 C 6844, 2020 WL
1701860, at *2 (N.D. Ill. Apr. 8, 2020). If the documents show a failure to exhaust, then
dismissal of the IHRA claims is appropriate under Rule 12(b)(6). *Id.*

Here, Defendants argue that the IDHR provided notice to Prusaczyk of his right to
opt out of the IDHR's investigation of his IHRA charge by letter dated April 18, 2019. Yet,
Prusaczyk did opt out within the required time period. As a result, the IDHR proceeded with
the administrative process, and Defendants were obligated to participate in that
administrative process. Defendants argue Prusaczyk should not now be permitted to evade
the procedural exhaustion requirements.

Defendants also contend that Prusaczyk could have provided the IDHR with a copy
of his EEOC Right to Sue letter within 30 days of receiving it in order to preserve his rights
under the IHRA. Prusaczyk received the EEOC's Right to Sue Letter on or about October 21,
2019. Because he did not notify the IDHR of the EEOC's determination, he did not exhaust
his administrative remedies as to his IHRA claim, and it must be dismissed.

In response, Prusaczyk argues that the IDHR administratively dismissed the matter
and informed him of his right pursuant to Section 7-109.1 of the IHRA to "commence a civil
action in the appropriate circuit court or other appropriate court of competent jurisdiction."
Prusaczyk states that he asked several times for the investigation to continue and agreed to
mediation, but it was Defendants who cut off all communication or participation in the
process. The dismissal was finally granted, Prusaczyk explains, because he chose not to agree

to a continuation of the investigation process past the time limits placed upon the IDHR and instead chose to commence litigation.

True, the IHRA allows the IDHR to administratively close a pending charge "if the issues which are the basis of the charge are being litigated in a State or federal court proceeding." 775 ILL. COMP. STAT. § 5/7–109.1. The administrative closing of a charge by the IDHR, however, is not a final order, nor does it constitute an exhaustion of administrative remedies. *Falco v. Office Elecs., Inc.*, No. 97 C 4170, 1997 WL 587660, at *2 (N.D. Ill. Sept. 17, 1997). "A plaintiff cannot file suit in federal court and then, when the IDHR closes her charge precisely because she filed suit in federal court, argue that she has exhausted all administrative remedies." *Id.*

In *Ibrahim v. Holidays Inn, Inc.*, the court granted a motion to dismiss on the basis of the plaintiff's failure to exhaust administrative remedies even after the plaintiff produced a letter from the IDHR indicating that a charge had been administratively closed pursuant to § 7-109.1. *Ibrahim v. Holidays Inn, Inc.*, No. 95 C 4316, 1996 WL 199743, at *5–6 (N.D. Ill. Apr. 23, 1996). The plaintiff argued the letter showed she had exhausted her administrative remedies under the Act and was a final order from the IDHR, so she was then entitled to a trial on her IHRA claims. *Id.* at *6. The court disagreed, reasoning that the letter failed to show plaintiff exhausted her administrative remedies or that what she received was a final order. *Id.* Instead, the court found that, under the plaintiff's view, an aggrieved party could circumvent the IHRA by filing a complaint in court and then receive an administrative closure based on that case under § 5/7-109.1, undermining the Act's comprehensive scheme and administrative remedies. *Id.*

Here, Prusaczyk filed his charge of discrimination with both the EEOC and the IDHR (Doc. 35 at ¶ 10). He did not, however, opt out of the IDHR's investigation of his IHRA charge

or timely notify the IDHR of the EEOC's determination on his charge of discrimination as required by the IHRA. Moreover, the IDHR's Order of Administrative Dismissal specifically states that Prusaczyk's charge was "Administratively Dismissed" because the "[c]harging party has initiated litigation for the purpose of seeking final relief in a State or federal court . . . ; and [a] final decision on the merits in that litigation . . . would preclude the charging party from bringing another action based on the charge."

Because Prusaczyk did not follow the Act's procedural scheme and never received a final order from the IDHR, the Court finds that he did not exhaust his administrative remedies. Accordingly, his IHRA claim in Count II must be dismissed.

Contrary to Woodring's argument, however, the Court will not dismiss Count V. Woodring lumps Prusaczyk's claim in Count V with his claims in Count II and asserts they all fall under the IHRA. That's not correct. In Count V, Prusaczyk asserts a claim against Woodring under the Illinois Gender Violence Act, 740 ILL. COMP. STAT. § 82. The Gender Violence Act establishes legal duties separate from those created by the IHRA. *Vince v. Illinois Cent. Sch. Bus, LLC*, No. 09 C 5360, 2011 WL 578832, at *17 (N.D. Ill. Feb. 9, 2011). Thus, Woodring has presented the Court with no basis to dismiss Count V.

## III.    Count III – Assault and Battery Against Defendant Woodring

Woodring finally argues that the Court should decline to exercise supplemental jurisdiction over Prusaczyk's Illinois state law assault and battery claim against him. Woodring argues that requiring him to participate in complex and expensive federal litigation on the basis of a state law tort claim would be a waste of the parties' time and the Court's judicial resources. It also would unnecessarily complicate the case and confuse a jury.

Under 28 U.S.C. § 1367(a), a federal court may exercise supplemental jurisdiction when one matter is "so related to claims in the action within such original jurisdiction that

they form part of the same case or controversy." The Court may decline to exercise supplemental jurisdiction under § 1367(c) if: (1) the claim raises a novel or complex issue of State law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) other compelling reasons for declining jurisdiction. *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906 (7th Cir. 2007).

Here, Prusaczyk's assault and battery claim against Woodring is so related to the Title VII claim that it forms part of the same case or controversy. Indeed, Woodring's alleged conduct that forms the basis for the assault and battery claim is the same conduct that Defendants allegedly ignored and retaliated against Prusaczyk for reporting, leading to the Title VII claim. Furthermore, the Court finds no reason to decline to exercise supplemental jurisdiction. The assault and battery claim does not present any novel or complex area of state law, nor does it substantially predominate over Prusaczyk's Title VII claims. And while there are no claims against Woodring over which this Court has original jurisdiction, as argued by Prusaczyk, the facts underlying the assault and battery claim in Count III lie at the heart of this controversy. To require the claims to be tried separately would make no sense logically or from the standpoint of judicial efficiency. Accordingly, the Court will exercise supplemental jurisdiction over Prusaczyk's claim in Count III for assault and battery against Woodring.

## CONCLUSION

For these reasons, the Motion to Dismiss filed by Defendant Ike Woodring (Doc. 37) is **GRANTED in part and DENIED in part**. Counts I and II are **DISMISSED** as to Defendant Woodring.

The Motion to Dismiss filed by Defendants Hamilton County Coal, LLC, and Alliance Coal, LLC (Doc. 38), is **GRANTED**. Count II is **DISMISSED** as to Defendants Hamilton Coal and Alliance Coal.

This case shall now proceed on Count I against Defendants Hamilton Coal and Alliance Coal, Count III against all Defendants, Count IV against Defendants Hamilton Coal and Alliance Coal, and Count V against Defendant Woodring.

**IT IS SO ORDERED.**

**DATED:   October 8, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**