IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOUGLAS PRUSACZYK, | |
|       Plaintiff, | |
| v. | Case No. 3:20-CV-73-NJR |
| HAMILTON COUNTY COAL, LLC, ALLIANCE COAL, LLC, and IKE WOODRING, | |
|       Defendants. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion to Compel Discovery filed by Defendants Hamilton County Coal, LLC, and Alliance Coal, LLC (Doc. 50). Defendants seek an order compelling Plaintiff Douglas Prusaczyk to fully answer Defendants' Interrogatory No. 21 and provide information regarding any medical and psychological treatment he has received from the commencement of his employment with Hamilton County Coal to the present. Defendants claim Prusaczyk has put his physical and emotional states at issue in this case by claiming to be the victim of workplace violence and requesting damages for emotional distress (Doc. 50-1).

In response, Prusaczyk argues that the interrogatory at issue is overly broad and is not limited to the claims or facts of this case (Doc. 53). Rather, Defendants are seeking Prusaczyk's complete mental and physical medical history in an employment case where he is only asking for "garden variety" emotional damages and is not relying on any medical treatment to support those damages.

Page 1 of 5

Defendants, in reply, argue that Prusaczyk's claim of assault and battery necessarily includes physical contact, and that he also alleges he suffered "acts of violence and physical aggression" (Doc. 54). Therefore, Defendants are entitled to obtain his medical and psychological records to assess whether they contain evidence of the physical or emotional effects of the alleged acts. Defendants also contend that Prusaczyk's claim of "garden variety" emotional damages is misleading given the extraordinary amount of damages he is seeking (Doc. 54-1). Even if Prusaczyk had not placed his physical state at issue by alleging assault and battery, Defendants argue, they would still be entitled to his medical records to determine whether other physical ailments, injuries, or stressors contributed to the extraordinary amount of emotional distress he claims to have suffered.

Federal common law recognizes the psychotherapist-patient privilege. *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). While this privilege is intended "to avoid deterring people from seeking treatment by fear that by doing so they will incur a disadvantage in litigation, the privilege is not absolute." *Doe v. Oberweis Dairy*, 456 F.3d 704, 718 (7th Cir. 2006).

Courts have taken three approaches when analyzing whether a plaintiff has waived the therapist-patient privilege: the broad, narrow, and middle ground approaches. *Jakes v. Boudreau*, No. 19 C 2204, 2020 WL 5297007, at *2 (N.D. Ill. Sept. 4, 2020). Under the broad approach, a plaintiff waives the privilege simply by seeking emotional-distress damages. In contrast, under the narrow approach, a plaintiff must affirmatively use his communications with his psychotherapist in the litigation, including

by calling the therapist as a witness, in order to waive the privilege. Unsurprisingly, the middle-ground approach falls between the two others: a plaintiff waives the privilege when he alleges something more than "garden variety" emotional damages. *Id.* "Each approach attempts to strike the appropriate balance between the privacy rights of the plaintiff, on the one hand, and the need for the defendant to obtain information to contest the plaintiff's claims, on the other." *Taylor v. Chicago*, No. 14 C 737, 2016 WL 5404603, at *1 (N.D. Ill. Sept. 28, 2016).

In *Oberweis*, the Seventh Circuit issued its only proclamation on the issue, appearing to take the broad approach: "If a plaintiff by seeking damages for emotional distress places his or her psychological state in issue, the defendant is entitled to discover any records of that state." 456 F.3d 704, 718 (7th Cir. 2006). In *Oberweis*, the plaintiff sued her former employer under Title VII and Illinois state law, seeking damages for emotional distress. *Id.* The Court found her claim of emotional distress sufficient to waive the psychotherapist-patient privilege. *Id.*

Although some district courts in this Circuit have ignored the Seventh Circuit's holding in *Oberweis* and applied an exception to this rule for "garden variety" damages, *see, e.g.*, *Johnston v. Jess*, No. 18-CV-882-BBC, 2020 WL 3605629, at *4 (W.D. Wis. July 2, 2020), "[t]he rule espoused in *Oberweis* is straightforward and unequivocal." *Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 516 (N.D. Ill. 2018) (quoting *Taylor v. Chicago*, No. 14 C 737, 2016 WL 5404603, at *3 (N.D. Ill. Sept. 28, 2016)). In *Oberweis*, the Seventh Circuit told "the district courts precisely when a plaintiff waives the privilege; namely, 'by seeking damages for emotional distress.'" *Id.*

Here, the Amended Complaint seeks damages for Prusaczyk's mental anguish, fright, embarrassment, and humiliation—*i.e.*, emotional distress—as a result of Defendants' conduct (Doc. 35). The Court finds these allegations are sufficient to waive the privilege as to any mental health examinations or treatment that Prusaczyk received from the date of his employment with Defendants through the present. Thus, Prusaczyk will be required to answer Interrogatory No. 21 with regard to any mental health care professionals.

The Court disagrees, however, that Prusaczyk has waived the doctor-patient privilege[1] as to his physical health simply by asserting an assault and battery claim and a claim under the Illinois Gender Violence Act. Like the psychotherapist-patient privilege, the doctor-patient privilege can be waived in any action where the patient's physical condition is an issue. 735 ILL. COMP. STAT. § 5/8–802(4). But Prusaczyk's physical health is not an issue in this case. Prusaczyk does not claim Defendants' conduct harmed him physically or affected his physical health, rather he claims the alleged conduct—even the assault and battery—caused him to suffer emotional distress. *See Zboralski v. Monahan*, 446 F. Supp. 2d 879, 885 (N.D. Ill. 2006) (noting that under Illinois law, battery is defined as the unauthorized touching of another and does not require a physical injury).

Moreover, the Court is not persuaded that Prusaczyk's claim for substantial emotional distress damages entitles Defendants to his medical records. The shocking factual allegations in the Amended Complaint, on their own, could very well support

---

[1] "Although federal common law does not recognize a doctor-patient privilege . . . , Illinois law recognizes that this privilege exists." *Doe v. Oberweis Dairy*, No. 03 C 4774, 2004 WL 1146712, at *3 (N.D. Ill. May 21, 2004) (citing 735 ILL. COMP. STAT. § 5/8–802).

Prusaczyk's request for substantial damages for his emotional distress.

Accordingly, Prusaczyk shall not be required to answer Interrogatory No. 21 with regard to any physician or health care professionals, as long as he does not intend to prove the extent of his injuries by introducing evidence of his physical conditions or treatment, or to call any witnesses to testify about his physical symptoms or treatment. *See Doe v. Oberweis Dairy*, No. 03 C 4774, 2004 WL 1146712, at *4 (N.D. Ill. May 21, 2004). If Prusaczyk does intend to admit such evidence, then he must comply with the requested discovery; failure to do so will bar admission of this evidence at trial. *See id*.

For these reasons, the Motion to Compel filed by Defendants Hamilton County Coal, LLC, and Alliance Coal, LLC (Doc. 50) is **GRANTED in part and DENIED in part**. Prusaczyk is **ORDERED** to answer Interrogatory No. 21 and identify any mental health care professionals who have examined or treated him from the time his employment with Hamilton began through the present, and to provide the information requested for each mental health professional. Prusaczyk is not required to answer Interrogatory No. 21 as it pertains to any physician or health care professional, subject to the warning noted above. Prusaczyk shall provide the requested information within **seven days** of the entry of this Order.

**IT IS SO ORDERED.**

DATED:   November 3, 2020

                                           _____
                                           **NANCY J. ROSENSTENGEL**
                                           **Chief U.S. District Judge**