IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOUGLAS PRUSACZYK,

        **Plaintiff,**

v.

HAMILTON COUNTY COAL, LLC,
and IKE WOODRING,

        **Defendants.**

Case No. 3:20-CV-73-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court are the objections filed by Defendants Hamilton County

Coal, LLC, and Ike Woodring to Plaintiff Douglas Prusaczyk's proposed witness list

(Docs. 81, 82), as well as Defendants' Joint Motion for Each Defendant to Receive Three

Peremptory Challenges (Doc. 84). The Court addresses each issue as follows.

I.  **Objections to Plaintiff's Proposed Witnesses**

    A.  **Fred Plumlee**

Hamilton argues Prusaczyk should not be permitted to call witness Fred Plumlee,

a former Hamilton employee, because his employment ended before Prusaczyk's began.

Thus, his testimony is not relevant to Prusaczyk's Title VII and assault and battery claims.

Woodring argues Plumlee cannot offer any testimony based on personal knowledge;

therefore, his testimony would be inadmissible hearsay.

In his deposition, Plumlee testified that he witnessed Woodring talking about

deviate sexual acts, discussing different sex positions and anal sex, and asking people

about their personal sex lives. He also saw Woodring place his penis and testicles on the shoulder of Nick Schwartz, another Hamilton employee. Plumlee testified that he told his supervisor that Woodring was embarrassing people to the point they would not eat lunch in the lunchroom.

The Court disagrees this testimony is irrelevant to Prusaczyk's claims. For Hamilton to be liable for Woodring's conduct, Prusaczyk must demonstrate that Hamilton was negligent in failing to prevent the harassment from taking place. *Vance v. Ball State Univ.*, 570 U.S. 421, 448-49 (2013). He can do this through evidence that Hamilton failed to monitor the workplace or respond to complaints. *See id.* at 449. To that end, the Court finds Plumlee's testimony is relevant to proving Hamilton's liability, and Hamilton's objection is overruled.

Woodring also argues Plumlee's testimony would be hearsay because Plumlee was not employed at Hamilton when the alleged hostile work environment took place. But there are a number of hearsay exceptions that could apply here, none of which Woodring addresses in his objection. Accordingly, Woodring's hearsay objection on this basis is overruled. The Court reserves ruling, however, on any hearsay objections to specific testimony offered at trial.

**B.     Nick Schwartz**

Hamilton next argues that Prusaczyk should not be allowed to call Nick Schwartz to testify because he did not witness any purported harassment, nor did he ever report any sexual harassment to Hamilton management. Thus, his testimony is irrelevant. For the same reasons stated above as to Fred Plumlee, the Court finds Schwartz's testimony

to be relevant to the issue of whether Hamilton knew about Woodring's conduct and failed to take any action to prevent further harassment from taking place. The objection is overruled.

### C.   Custodian of Records

Lastly, Hamilton objects to Prusaczyk calling the Custodian of Records for Hamilton to testify regarding Hamilton's Public Earnings Report for 2018 to 2021. To the extent the Custodian of Records is offered for the purpose of providing testimony related to Hamilton's size, revenue, profits, or other financial information, Hamilton argues it is unfairly prejudicial and misleading to the jury. Such information, however, is relevant to the issue of punitive damages. Accordingly, the objection is overruled. Nevertheless, the Court *strongly encourages* the parties to enter into a joint stipulation to avoid requiring the Custodian of Records to testify at trial.

## II.   Joint Motion for Each Defendant to Receive Three Peremptory Challenges

With this motion, Defendants ask the Court to allow them three peremptory strikes each during voir dire. (Doc. 84). Defendants argue they are represented by separate counsel, they are faced with distinct legal claims, their interests are not perfectly aligned, and they intend to present different witnesses in support of their respective defenses. Thus, they will apply different criteria in determining which jurors to strike.

In response, Prusaczyk argues that Defendants' interests are actually aligned. Both deny that the alleged harassment occurred and will be seeking the same type of juror: someone who will think what happened was merely horseplay and who will not be disgusted by the allegations. Furthermore, Prusaczyk argues, this is not a complicated

case. Because there will only be six jurors, decreasing the jury pool by six people will give Defendants an unfair advantage.

Each "party" in a civil case is entitled to three peremptory challenges. 28 U.S.C. § 1870. Where the case has several defendants or several plaintiffs, however, they may be considered a single party for the purposes of making challenges, or the Court may allow additional peremptory challenges and permit them to be exercised separately or jointly. *Id.* A district court has "broad discretion in determining the appropriate number and allocation of peremptory challenges in multiparty civil cases." *Dunham v. Frank's Nursery & Crafts, Inc.*, 919 F.2d 1281, 1287 (7th Cir. 1990) (citing 28 U.S.C. § 1870); *see also Tidemann v. Nadler Golf Car Sales, Inc.*, 224 F.3d 719, 725 (7th Cir. 2000) (finding no abuse of discretion in district court's grant of three peremptory challenges to plaintiff and six total to the two defendants). "When a single party faces several parties with interests adverse to him, the trial judge may expand the number of peremptory challenges available to both sides." *Fedorchick v. Massey-Ferguson, Inc.*, 577 F.2d 856, 858 (3d Cir. 1978) (citing *Carey v. Lykes Brothers Steamship Co.*, 455 F.2d 1192 (5th Cir. 1972)).

Here, the Court acknowledges that, while Defendants' interests are mostly aligned, the claims against them are different and they certainly may have unique trial strategies. For this reason, the Court **GRANTS in part and DENIES in part** Defendants' motion (Doc. 84). Plaintiff and Defendants shall each have **four** peremptory challenges at trial, with Defendants' challenges divided equally between Hamilton and Woodring. That is, each Defendant will have two separate peremptory challenges.

For these reasons, Defendants' objections to Plaintiff Douglas Prusaczyk's witness

list (Docs. 81, 82) are **OVERRULED**. The Court **RESERVES RULING**, however, on any specific hearsay objections that may arise at trial.

Defendants' Joint Motion for Each Defendant to Receive Three Peremptory Challenges (Doc. 84) is **GRANTED in part and DENIED in part**. Plaintiff Douglas Prusaczyk will have four peremptory challenges at trial, Defendant Hamilton County Coal, LLC, will have two peremptory challenges, and Defendant Ike Woodring will have two peremptory challenges.

**IT IS SO ORDERED.**

**DATED:    May 17, 2021**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**